FILED
DES MOINES, IOWA
03 MAY 13 PM 3:54
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| ESTEBAN BAHENA, | : | NO. 4-03-CV-90008 |
| Plaintiff, | : | AMENDED COMPLAINT |
| vs. | : | |
| TERRY MAPES, Warden, NCF; et al., | : | |
| Defendants. | : | |

COMES NOW the Plaintiff, Esteban Bahena, by and through his attorney, Jeffrey M. Lipman of Lipman Law Firm, P.C., 8450 Hickman Road, Suite 16, Des Moines, Iowa 50325, and for this cause of action states:

## I. INTRODUCTION

1. That the Plaintiff is an inmate currently incarcerated at Newton Correctional Facility in Newton, Iowa. This complaint arises out of a claim based on 42 U.S.C. Section 1983. Plaintiff brings this civil rights action to redress the deprivation of his constitutional rights, privileges and immunities secured to Plaintiff by provisions of the United States Constitution. Plaintiff is a Mexican male who claims that he has been discriminated against based on his race and national origin at the Newton Correctional Facility. The discriminatory acts occurred and are ongoing while Plaintiff was and continues to be incarcerated in the Newton Correctional Facility. Plaintiff brings this action to recover compensatory damages, punitive damages, attorney fees pursuant 42 U.S.C. Section 1988, interest at the maximum legal rate, court costs and such other and further relief as the court deems equitable and just.

10.

## II. JURISDICTION AND VENUE

2. That this is a civil rights case brought pursuant to 42 U.S.C. Section 1983. Plaintiff claims that the Defendants hereto acted under color of law in their individual capacities. Jurisdiction is predicated on Title 28 U.S.C. Section 1343.

3. That venue is properly laid in the Southern District of Iowa pursuant to Title 28 U.S.C. Section 1391(b), as the events occurred in and damages resulted in this district.

5. That this is an action brought pursuant to Title 42 U.S.C. Section 1983. Plaintiff claims that he has exhausted his grievance remedies as he has never received any answers to his filed grievances and has appealed his rule violation decision and has not received any response to that appeal as well.

## III. PARTIES

6. That Plaintiff, Esteban Bahena, at all material times hereto, has been incarcerated at the Newton Correctional Facility in Newton, Iowa and within the custody and control of the defendants.

7. That Defendant, Terry Mapes, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and acting under color of law.

8. That Defendant, Chris Whitesel, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and acting under color of law.

9. That Defendant, Dennis Potter, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and acting under color of law.

10. That Defendant, Lt. Sparks, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and acting under color of law.

11. That Defendant, C.O. Strayer, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and acting under color of law.

12. That Defendant, C.O. Reed, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and acting under color of law.

13. That Defendant, C.O. Vanderworth, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and acting under color of law.

14. That Defendant, Counselor Rich Hutton, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and acting under color of law.

15. That Defendant, Captain Berry, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and acting under color of law.

16. That Defendant, Jack Pankten, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and acting under color of law.

17. That Defendant, C.O. Manning, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and under the color of law.

18. That Defendant, C.O. Rusty, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and under the color of law.

19. That Defendant, C.O. Speech, at all material times hereto, was a prison official at the Newton Correctional Facility in Newton, Iowa. Defendant was acting in his individual capacity and under color of law.

## IV. STATEMENT OF MATERIAL FACTS

20. That Plaintiff repleads the allegations contained in Paragraphs 1 (one) through 19 (nineteen) above and incorporates the same as if fully set forth herein.

21. That Plaintiff is a Mexican male and is subjected to a protected group.

22. That while Plaintiff has been incarcerated at the Newton Correctional Facility he has been subjected to several incidents of racial discrimination including racial comments and disparate treatment. These incidents include the following:

a. On or about August 16, 2001, Plaintiff asked Defendants Reed, Speech and Rusty, "C.O.'s are you going to open the door to go to Rec?". Defendant Rusty said, "Quit interrupting our conversation". Approximately five minutes later Plaintiff asked again, "Are you guys going to open the door?". Defendant Speech responded, "Shut up and sit down". Plaintiff was let outside another five minutes after this, then Defendant Reed came and told Plaintiff to go inside and get in his cell because he had a smart

mouth. After Plaintiff said that he hadn't said anything smart to anyone, Defendant Reed told the Plaintiff, "just go to your cell and shut up" and that "I can do whatever I want". Plaintiff filed a grievance about this incident and no one responded to it.

b. On four separate occasions Defendant Reed made Plaintiff go back to his cell before he was finished eating and before the fifteen minutes allotted for prisoners to eat was finished.

c. On or about the second week of September, 2001, Officer Strayer took hot sauce from Plaintiff's dining table while he was eating. Plaintiff was sitting with other Mexican prisoners at the time and Defendant Strayer made the comment, "If you wetbacks and fucking beaners want your rights to be respected, go back to your own country and stay away from mine. We don't want no fucking Mexicans in here. If you don't like what I'm saying, file a grievance. It won't do any good anyway". Plaintiff and two other inmates filed grievances concerning this incident.

d. At least four times a week Defendants Reed, Strayer, and Vanderworth searched Plaintiff's cell. Plaintiff was subjected to a body search by these three Defendants at least once a day. Plaintiff was also strip searched in his cell by these three defendants.

e. On or about October 27, 2002, Plaintiff was taken from his cell by Defendant Reed to A house because he was under investigation. Two days later, on or about October 29, 2002, Plaintiff spoke with and investigator who told him he was under investigation for dealing drugs. Four inmates were put under investigation for the drug incident, two white and two Mexican. The two Mexicans, Plaintiff and Francisco Coss Sanches, were sent to lock up for this incident while the two whites were released after urine tests. Plaintiff and Coss Sanches both passed their urine tests as well, but they were locked up and the two white inmates were not. Plaintiff continued to deny that he knew anything about the drugs. On or about November 1, 2002, C.O. Manning gave Plaintiff a report that charged Plaintiff with rule violations including dealing drugs by passing a tissue with a pill in it to another inmate. Plaintiff told C.O. Manning that he was not going to sign the report because it was false. Two days later, Plaintiff told his counselor that the report was false. His counselor told him he would need to speak with the Administrative Law Judge. Plaintiff spoke with the Administrative Law Judge on or about November 8, 2002. The Administrative Law Judge did nothing for Plaintiff. Plaintiff filed an appeal on or about November 9, 2002. Plaintiff never received

a response from his appeal. Plaintiff sent numerous kites to the Warden, Director of Security and Captain Berry. When Plaintiff finally spoke with Captain Berry, she referred to the Plaintiff as "her drug dealer" rather than by his name. Plaintiff later overheard Captain Berry and his counselor talking about why Plaintiff was in A house.. Plaintiff's counselor said "remember October 27th that everybody left earlier and nobody tested whatever they found in the tissue".

f. On one occasion, Plaintiff was given chemicals that didn't dilute with water to clean his cell with. After using these chemicals, Plaintiff was short of breath. A week later, Plaintiff started to get headaches. Plaintiff saw the doctor about his headaches and was put on medication for his headaches.

g. On or about December 28, 2002, Defendant Strayer told Plaintiff "we got browns and snitches on this side now" when he saw Plaintiff returning back to B house.

h. On or about December 29, 2002, Defendant Strayer told Plaintiff "we're feeding brown dogs on that side now" when Plaintiff was at the lunch serving line.

i. On numerous occasions, Plaintiff has been referred to as "drug dealer", "brown snitch", "foreigner" and "illegal wetback" by the Defendants.

23. That the harassment that Plaintiff was subjected to was based on race and/or national origin.

24. That due to the harassment and treatment by the Defendants, Plaintiff has suffered damages.

25. That the Defendants' unlawful conduct was the proximate cause of Plaintiff's damages.

## V. <u>CAUSE OF ACTION: EQUAL PROTECTION</u>

26. That Plaintiff repleads the allegations contained in Paragraphs 1 (one) through 25 (twenty-five) above and incorporates the same as if fully set forth herein.

27. That Defendants were acting in their individual capacities and under the color of law.

28. That Plaintiff is a Mexican male incarcerated at Newton Correctional Facility.

29. That Plaintiff has been treated differently from the non-minority inmates at Newton Correctional Facility as described above.

30. That the disparate treatment was based on Plaintiff's race and/or national origin.

31. That the disparate treatment was the proximate cause of Plaintiff's damages.

32. That the Defendants acted with discriminatory purpose and that the Defendants conduct was willful, wanton, malicious and without reasonable or legal cause and in reckless disregard to Plaintiff's rights thereby justifying an award of punitive damages.

WHEREFORE, Plaintiff requests the court to enter judgment in favor of Plaintiff and against Defendants for such amounts to be deemed reasonable for compensatory damages, punitive damages, reasonable attorney fees pursuant to 42 U.S.C. Section 1988, court costs, interest at the maximum legal rate, and for such other and further relief as the court deems equitable and just.

Jeffrey M. Lipman
LIPMAN LAW FIRM, P.C.
8450 Hickman Road, Ste 16
Des Moines, Iowa 50325
Phone: (515) 276-3411
Fax: (515) 276-3736
ATTORNEY FOR PLAINTIFF

Original filed.

Copies to:

Esteban Bahena
#1099486
Newton Correctional Facility
P.O. Box 218
Newton, Iowa 50208

PLAINTIFF

Attorney General's Office
Corrections Division
Hoover State Office Building
Des Moines, Iowa 50319

ATTORNEYS FOR DEFENDANTS